In the Matter of the Application of BENJAMIN D. STEVENS, Appellant, for Writs of Habeas Corpus and Certiorari; THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

*Prohibition of " singing ; or dancing" in theatrical exhibitions by children — not obviated by the consent of the mayor of the city.*

The words "singing or dancing," in the third subdivision of section 292 of the Penal Code, which enumerates, as among the employments prohibited to children under sixteen years of age : "Singing ; or dancing ; or. playing upon a musical instrument ; or in a theatrical exhibition ; or in any wandering occupation ;" are independent of the words "in a theatrical exhibition ;" and the authority conferred upon the mayors of cities, by chapter 309 of the Laws of 1892, amending this section, to give a consent which shall permit children to perform in theatrical exhibitions, does not give to such consent the effect of including and permitting singing or dancing in a theatrical exhibition.

APPEAL by the petitioner, Benjamin D. Stevens, from an order made by a justice of the Supreme Court, at the New York Special Term, at Chambers, and entered in the office of the clerk of the city and county of New York on the 16th day of September, 1892, overruling the petitioner's demurrer to the returns to writs of habeas corpus and certiorari issued on his petition, and dismissing the writs and remanding the petitioner to custody.

Benjamin D. Stevens, the appellant, who is manager of a theatrical troupe, publicly exhibited in the Broadway Theater, in the city of New York, on September 5, 1892, a little girl named Lillian Kline, aged five years, in singing and dancing, in a play called "Wang," performed therein. He was arrested September 7, 1892, upon a warrant issued by a police justice of said city, at the instance of the New York Society for the Prevention of Cruelty to Children, charged with a misdemeanor in violating section 292 of the Penal Code which prohibits the exhibition of a child under the age of sixteen years in singing or dancing: Upon the examination which thereupon took place, the facts alleged were proven, but he claimed to have a consent in writing from the mayor of the city of New York legalizing the exhibition. He was duly committed by the magistrate to await the action of the grand jury.

Immediately writs of habeas corpus and certiorari were issued by this court. The warden returned the body of the appellant in cus-

tody with the commitment.   The magistrate returned the complaint, warrant of arrest, and testimony taken on the examination.   Special demurrers were then interposed to each return, and a hearing had before Mr. Justice BEACH, who dismissed the writs and remanded the prisoner upon the grounds stated in his opinion.   From the orders of dismissal the present appeal is taken.

*Lucien Oudin*, for the appellant.

*De Lancey Nicoll, District Attorney*, and *Elbridge T. Gerry*, for the respondent.

LAWRENCE, J. :

We think that the construction given to chapter 309 of the Laws of 1892, amending section 292 of the Penal Code, by the learned justice, before whom the writs of habeas corpus and certiorari were brought at the Special Term, was correct, and adopting his opinion as our own, an affirmance of the orders appealed from is directed and the prisoner remanded.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

The opinion of the justice before whom the writs were brought at Special Term was as follows :

BEACH, J. :

Prior to the act of 1892, and under section 292 of the Penal Code, the written consent of the mayor could be given to the employment of a child in certain ways mentioned.   By the act of 1892, entitled : " An act to amend section two hundred and ninety-two of the Penal Code relative to the licensing of children in theatrical exhibitions," the consent of the mayor was extended to include such exhibitions.

The third subdivision of section 292 specifies certain of the prohibited acts in these words :

" *Third.* In singing ; or dancing ; or playing upon a musical instrument ; or in a theatrical exhibition ; or in any wandering occupation."

The question raised in these proceedings, is whether or not the mayor can grant a consent for a " theatrical exhibition " which includes " singing " or " dancing " by the child.

I am of opinion that he cannot.   The intent of the Legislature is

to be ascertained, and when settled followed by the court in construing the enactment.   But this intent is not to be gathered from the shifting uncertainties of outside opinion or circumstances likely to be modified or wholly changed when subject to proof and judicial examination, but rather from the signs and indications furnished by legislation upon the particular subject then under legislative consideration.

Judicial construction is seldom assisted by that applied to other enactments, which is always influenced or controlled by particular verbiage.   Such are the cases of the *Society for Reformation of Juvenile Delinquents* v. *Diers* (10 Abb. Pr. [N. S.] 216); *Bell Treas. Philadelphia* v. *Mann* (121 Penn. St. 225).

There is no doubt but that the court can disregard the exact and literal wording of a legislative act, if, upon a survey of the whole act, and the purpose to be accomplished or the wrong to be remedied, it is plain that such exact or literal rendering of the wording would not carry out the intent of the Legislature.   (*Bell* v. *The Mayor*, 105 N. Y. 139, 144.)

This principle is not directly applicable to the question at bar, because exact and literal wording is not opposed to plain intent.

The point involved here relates to the inclusive power of the term " theatrical exhibition " relative to " singing " or " dancing."   These terms are used in the act under review, and the court, to ascertain the legislative intent, is remitted to the use by the Legislature of those terms and the legal effect of that use.

The original act, and as amended, contains specified prohibited acts.

These under the present section, and included in paragraph 3, are plainly five in number :  *First*, singing ;  *second*, dancing ;  *third*, playing upon a musical instrument ; *fourth*, in a theatrical exhibition ; *fifth*, in any wandering occupation.   The answer to parts of the argument urged by learned counsel for the defendant and relators is the obvious deduction from the particular specifications that each has a distinct and separate significance, and, therefore, no one is inclusive of any other.   .       ·

The final clause of the amendment, " But no such consent shall be deemed to authorize any violation of the first, second, fourth or fifth subdivisions of this section," is of little aid to judicial construction.

The third subdivision is not named, but the reason for its omission

is that a violation of its parts was authorized when consent of the mayor was obtained. This applies only to the term "theatrical exhibition," leaving singing, dancing, playing upon a musical instrument, and wandering occupation, in the same status as the other subdivisions.

The substitution of the word "dancing" for "dancer" seems to indicate an intention to enlarge the scope of prohibition beyond a signification applicable only to a professional.

It is also apparent that the third subdivision was properly omitted, because it includes what is subject to a consent by the mayor, to wit, playing on a musical instrument at a concert and theatrical exhibitions.

The court is of opinion that the tenor of the act, its title and specific designations, by explicit words, will not permit the inclusion of singing and dancing by the words "theatrical exhibitions."

There are, under the latter term, many acts not harmful or inappropriate within the limit of children's effort, and such may be permitted. Those of singing and dancing are excluded, in the wisdom of supreme legislative authority, which cannot and should not be overruled by the courts, especially when exercised with the humanitarian object of protecting those who, from youth and consequent inexperience, are unable to guard and protect themselves.

The motions for a mandamus are denied, the writ of habeas corpus and certiorari discharged, and the prisoner remanded.